DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Lucas County Court of Common Pleas wherein appellant was convicted of having weapons while under disability, a violation of R.C. 2923.13(B) and a felony of the third degree.
A trial commenced on December 7, 1999. Sergeant John Anderson of the Toledo Police Department testified he was on duty in the early morning hours of December 25, 1998 when he was dispatched to 1218 Evesham Avenue in Toledo, Ohio. Specifically, Sergeant Anderson was told that there was a man at the house threatening people with a gun. When Sergeant Anderson arrived at the house, he was told that the man, identified as appellant, Samuel Miller, had left.
Toledo Police Officer Edward Mack testified that he interviewed Sherida Miller, appellant's wife, in the early morning hours of December 25, 1998. Officer Mack testified that a "very upset" Sherida Miller gave him the following details of her evening with appellant. Appellant and Sherida Miller went to a bar earlier in the evening. On the way home from the bar, appellant punched Sherida Miller in the mouth. When they arrived home at 1218 Evesham Avenue, appellant continued to hit Sherida Miller and kick her in the face. Appellant then threatened to kill her and pulled out a gun. Appellant then fled in Sherida Miller's vehicle.
Officer Mack's partner, Officer Michael Greenwood, testified that he interviewed Charleen Boling, Sherida Miller's sister. Boling told Greenwood that appellant and Sherida were fighting when appellant pulled out a gun and threatened to kill his wife. Boling told Greenwood that appellant left the house armed with either a machine gun or an Uzi. Boling also provided Greenwood with a physical description of appellant. The description as well as a partial license plate number was reported to the police dispatcher.
Lieutenant Warren Phillips testified that he was on patrol in the early morning hours of December 25, 1998 when he heard a call on his radio to be on the look out for a white jeep driven by a man with an assault weapon. The man had just left 1218 Evesham Avenue. Phillips, who was in the area, soon spotted the jeep and began following it. When Phillips turned on his overhead lights, the driver of the jeep began to drive faster. Phillips testified that he saw appellant exit the jeep in an empty, debris filled lot while the jeep was still moving. The jeep became immobilized when it ran into a pile of rocks and concrete. As appellant ran from the scene, Phillips testified that he could see a gun in appellant's hand. Phillips attempted to chase appellant but eventually lost sight of him. Phillips testified that when appellant was running, he fell twice. When Phillips retraced the area appellant had run through, he found a pager and a gun. The gun, state's exhibit No. 2, was a Tec 9, .22 semiautomatic machine pistol. Phillips also found blood in the Jeep.
Eddie Hopkins, a state parole officer, testified that on December 25, 1998, appellant was on parole for felonious assault and carrying a concealed weapon. One of the conditions of appellant's parole was that he not carry a gun.
Charlene Boling testified she was at her sister's house on December 25, 1998 when she went to a pay phone and called the police. Boling testified that she told the police that her sister was upset and hurt. State's exhibit No. 3 was an audio tape of Boling's call to the police on December 25. On the tape, a very distraught Boling tells the 911 operator to send the police to 1218 Evesham Avenue because appellant is there with "an Uzi, a gun." Boling also tells the operator that appellant had beaten her sister. On the stand, Boling testified that she never saw appellant with a gun. She testified that she heard other people say appellant had a gun and she thought the police would arrive sooner if she claimed appellant had a gun.
A jury found appellant guilty of having a weapon while under a disability on December 8, 1999. Appellant was sentenced to three years in prison. Appellant now appeals setting forth the following assignments of error:
 "I. THE DEFENDANT-APPELLANT'S CONVICTIONS SHOULD BE REVERSED AS THE JURY VERDICT FORM IS DEFECTIVE AND IN VIOLATION OF R.C. 2945.75.
 "II. THE TRIAL COURT DENIED DEFENDANT-APPELLANT A FAIR TRIAL WHICH IS GUARANTEED PURSUANT TO THE DUE PROCESSS PROVISIONS OF ARTICLE I, SECTION 16, OF THE OHIO CONSTITUTION, AND THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION WHEN IT PERMITTED INTO EVIDENCE HIGHLY PREJUDICIAL AND INFLAMMATORY EVIDENCE WHICH SHOULD HAVE BEEN EXCLUDED PURSUANT TO THE OHIO RULES OF EVIDENCE.
 "III. DEFENDANT-APPELLANT'S CONVICTIONS ARE SUPPORTED BY INSUFFICIENT EVIDENCE AND ARE THEREFORE A DENIAL OF DUE PROCESS.
 "IV. DEFENDANT-APPELLANT'S CONVICTIONS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
In his first assignment of error, appellant contends his conviction should be reversed due to a defective jury form. The jury form in this case states as follows: "* * * we find the defendant guilty of Having Weapons While Under Disability, ORC 2923.23(B), a Felony of the third degree." This form is defective because the code section for having a weapon while under disability is R.C. 2923.13 as opposed to R.C. 2923.23. R.C. 2923.23(B), immunity from prosecution, states:
 "No person in violation of section 2923.13 of the Revised Code solely by reason of his being under indictment shall be prosecuted for such violation if, within ten days after service of the indictment, he voluntarily surrenders the firearms and dangerous ordnance in his possession to any law enforcement authority pursuant to division (A) of this section, for safekeeping pending disposition of the indictment or of an application for relief under section 2923.14 of the Revised Code."
Appellant argues that the jury form violates R.C. 2945.75 which states in pertinent part:
 "(A) When the presence of one or more additional elements makes an offense one of more serious degree:"
* * *
 "(2) A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."
Appellant's reliance on the above statute is misplaced. The verdict form in this case merely contains a clerical error wherein the number two was mistakenly substituted for the number one, thereby changing the numerical identity of the offense.
Appellant's indictment read:
 "The jurors of the grand jury of the State of Ohio, * * *, do find and present that Samuel L. Miller, on or about the 25th day of December, 1998, in Lucas County, Ohio, who has been convicted of a felony of the first of second degree or an aggravated felony of the first or second degree, to wit, felonious assault, in the Lucas County Common Pleas Court, on the 9th day of October, 1991, did violate division A of this section within five years of the date of the offenders release from imprisonment or from post-release control that was imposed for the commission of Felonious assault a felony of the first of second degree or an aggravated felony of the first or second degree, in violation of R.C. 2923.13(B) of the Ohio Revised Code, Having Weapon While Under Disability, being a felony of the third degree * * *."
The indictment sets out the elements of R.C. 2923.13(B). At trial, the state introduced evidence showing that at the time appellant was in possession of the gun at issue, he was under a post-release control sanction for committing the offense of felonious assault. At no time during the trial was there evidence introduced to support appellant's immunity from prosecution for having a weapon while under a disability. The trial court instructed the jury on the elements of R.C. 2923.13(B) and the trial court's sentencing order is for a violation of R.C.2923.13(B), a felony of the third degree. Accordingly, it is clear from the record that the reference to the wrong statute in the verdict form entry was merely a clerical error and that the only charge before the jury was for having a weapon while under disability. Appellant's first assignment of error is found not-well taken.
In his second assignment of error, appellant contends the court erred in admitting the 911 tape into evidence and admitting the statements Sherida Miller made to Officer Mack.
"The admission or exclusion of relevant evidence rests within the sound discretion of the trial court." State v. Sage (1987), 31 Ohio St.3d 173. Evid.R. 803(2) provides in pertinent part:
 "The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
"* * *
 "(2) Excited utterance. A statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition."
 "To be admissible under Evid.R. 803(2) as an excited utterance, a statement must concern `some occurrence startling enough to produce a nervous excitement in the declarant,' which occurrence the declarant had an opportunity to observe, and must be made `before there had been time for such nervous excitement to lose a domination over his reflective faculties. * * *'"
State v. Huertas (1990), 51 Ohio St.3d 22, 31, quoting paragraph two of the syllabus in Potter v. Baker (1955), 162 Ohio St. 488.
We conclude that the evidence before the trial court in the instant case was sufficient to support a conclusion that the 911 tape and the statements of Sherida Miller were admissible as excited utterances under Evid.R. 803(2). Boling, who testified she did not remember much of what she told the 911 operator, made the phone call after she witnessed a startling occurrence involving a threat of danger to her and her sister. Sherida Miller's statements were made while she was bleeding and immediately after she encountered the police who had been dispatched to her house on a weapons call. Finding that the trial court did not abuse its discretion in admitting the evidence, appellant's second assignment of error is found not well-taken.
In his third and fourth assignments of error, appellant contends his conviction is not supported by sufficient evidence and is against the manifest weight of the evidence.
"Sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." State v. Thompkins (1997), 78 Ohio St.3d 380, 387 citing Black's Law Dictionary (6 Ed. 1990) 1433. A determination as to "whether the evidence is legally sufficient to sustain a verdict is a question of law." Thompkins, supra, at 386. The relevant inquiry on review of the sufficiency of the evidence is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia (1979), 443 U.S. 307. A reversal based on insufficient evidence has the same effect as a not guilty verdict (and thus precludes retrial) because such a determination "means that no rational factfinder could have voted to convict the defendant." Tibbs v.Florida (1982), 457 U.S. 31.
Weight of the evidence indicates that the greater amount of credible evidence supports one side of an issue more than the other. Thompkins,supra at 387, quoting Black's Law Dictionary, supra at 1594. The Ohio Supreme Court has defined the standard applied to determine whether a criminal conviction is against the manifest weight of the evidence:
 "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a `thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." Id. at 388, citing Tibbs v. Florida (1982), 457 U.S. 31, 42.
To determine whether this is an exceptional case where the evidence weighs heavily against conviction, an appellate court must review the record, weigh the evidence and all reasonable inferences, and consider the credibility of witnesses. Id., quoting State v. Martin (1983),20 Ohio App.3d 172, 175. Only if we conclude that the jury clearly lost its way in resolving conflicts in evidence and created a manifest miscarriage of justice will we reverse the conviction and order a new trial. Id.
The elements of R.C. 2923.13, having weapons while under disability, are as follows:
 "(A) Unless relieved from disability as provided in section 2923.14 of the Revised Code, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, * * * (B) No person who has been convicted of a felony of the first or second degree shall violate division (A) of this section within five years of the date of the person's release from imprisonment or from post-release control that is imposed for the commission of a felony of the first or second degree."
Through the testimony of police officers, a parole officer and the 911 tape, the state presented evidence sufficient to show that appellant was in possession of an operable firearm on December 25, 1998, a time when appellant was still under a post release control sanction. Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Moreover, there is nothing in the record which compels this court to conclude that the jury lost its way and created such a manifest miscarriage of justice that would require a new trial. Accordingly, appellant's third and fourth assignments of error are found not well-taken.
On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial, and the judgment of the Lucas County Court of Common Pleas is affirmed. It is ordered that appellant pay the court costs of this appeal.
 _________________________________ Melvin L. Resnick, J.
 James R. Sherck, J., Mark L. Pietrykowski, J., JUDGES CONCUR.